UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRADLEY COLLINS | ) | |
| | ) | Case Number |
| Plaintiff | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| STELLAR RECOVERY, INC. | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Bradley Collins, by and through his undersigned counsel, Ruth M. Allen, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Bradley Collins, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in the District.

1

### III. PARTIES

4. Plaintiff, Bradley Collins, is an adult natural person residing at 1513 Jackson Lake Road, High Point, NC 27263. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Stellar Recovery, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of North Carolina and Montana with its principal place of business located at 1845 Highway 93, South, Suite 310, Kalispell, Montana 59901.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about February 17, 2011, Plaintiff received initial notice from Defendant informing him that they were collecting on a debt allegedly owed on a Beneficial account. **See "EXHIBIT A" (notice) attached hereto**.

8. Defendant offered Plaintiff a settlement of $3,236.74, which was to be paid in three (3) equal payments until the account was paid in full.

9. About that same time, Plaintiff's parents received their first call from Defendant's agent, "Debra James", falsely stating that she was a friend of the Plaintiff.

2

10. Defendant's agent, "Debra James", further mislead Plaintiff's parents to believe that she had lost Plaintiff's number and was hopeful that she could get it from the Plaintiff's mother.

11. Plaintiff's mother stated she was caught off-guard and believed Defendant's agent, "Debra James".

12. Plaintiff's mother gave Defendant's agent, "Debra James", her son's personal cell phone number.

13. Despite now having Plaintiff's personal cell phone number, Defendant's agent, "Debra James", placed additional calls to the Plaintiff's parents over the next two (2) weeks stating she was still looking for the whereabouts of the Plaintiff.

14. Defendant's agent, "Debra James", placed at least five (5) additional calls during that time to Plaintiff's parents.

15. During one of these calls, Defendant's agent, "Debra James", informed Plaintiff's parents that she was was calling the Plaintiff in regards to outstanding debt.

16. On or about February 22, 2011, Plaintiff's personal legal counsel sent a cease and desist notice to the Defendant. **See "EXHIBIT B" (letter) attached hereto**.

17. Defendant began calling the Plaintiff on his personal cell phone.

18. Plaintiff informed the Defendant that he had retained the services of personal legal counsel and that the Defendant would need to speak with his attorney directly.

19. Defendant continued to call the Plaintiff on this matter.

3

20. On or about February 28, 2011, Defendant's agent, "Debra James", called the Plaintiff at least fifteen (15) times on his personal cell phone attempting to collect on the debt

21. On or about March 4, 2011, Plaintiff's attorney faxed a cease and desist letter and Power of Attorney ("POA") form to the Defendant. **See "EXHIBIT C" (Letter & POA) attached hereto**.

22. Defendant continued to call the Plaintiff.

23. During this time, Defendant's agent, "Debra James", informed the Plaintiff that if he did not settle directly with the Defendant within thirty (30) days that the Plaintiff would be going to court.

24. Defendant's agent, "Debra James", offered the Plaintiff a new settlement amount of $3,000.00.

25. Plaintiff ended the call.

26. On or about March 5, 2011, Plaintiff received several calls from the Defendant to his cell phone.

27. On or about that same day, March 5, 2011, Plaintiff's attorney called Defendant personally and left a message reminding the Defendant that she was representing the Plaintiff and that the Defendant needed to stop calling the Plaintiff and his family directly.

28. On or about March 6, 2011, Defendant placed another call to the Plaintiff, despite full knowledge by phone and in writing that the Plaintiff was represented by an attorney.

29. Defendant continues to call the Plaintiff.

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

32. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

33. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring it and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

35. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

36. The above paragraphs are hereby incorporated herein by reference.

37. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(1) | At any unusual time, unusual place or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | |
|---|---|
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Stellar Recovery, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### (Violation of the North Carolina Debt Collection Act, "NCDCA")

39. Plaintiff hereby adopts, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

40. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

 a. Caused the telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass him, in violation of N.C. Gen. St. §75-52(3);

7

b. Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding in violation of N.C. Gen. Stat. §75-54(4);

c. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of the N.C. Gen. Stat. §75-54 and;

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with NCDCA.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Stellar Recovery, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to N.C. Gen. Stat. §75-56(b):

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

**(Violation of the North Carolina Consumer Economic Protection Act, "NCCEPA")**

41. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

42. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCCEPA in one or more of the following ways:

a. Caused the telephone to ring or engaging Plaintiffs in conversation repeatedly and continuously with the intent to annoy, abuse or harass him, in violation of N.C. Gen. St. §58-70-100(3);

b. Falsely representing the character, extent, or amount of a debt in violation of N.C. Gen. St. §58-70-110(4);

c. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. §58-70-110; and

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Stellar Recovery, Inc., for the following:

a. All actual compensatory damages suffered;

b. Statutory damages of $4,000 of each violation of the NCCEPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

d. Any other relief deemed appropriate by this honorable Court.

9

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: June 7, 2011        BY: <u>  /s/     Ruth M. Allen          </u>
                              Ruth M. Allen
                              Attorney for Plaintiff
                              7413 Six Forks Road, # 326
                              Raleigh, NC  27615
                              Fax (866) 321-9449
                              Phone:  (919) 481.4141
                              Email:  ruthallenlaw@yahoo.com
                              <u>NC Bar No. 34739</u>
                              Local Civil Rule 83.1 Counsel



BRUCE K. WARREN

Date: June 7, 2011        BY:   <u>  /s/     Bruce K. Warren          </u>
                              Bruce K. Warren
                              Attorney for Plaintiff
                              Warren & Vullings, LLP
                              93 Old York Road, Suite 333
                              Jenkintown, PA 19046
                              Ph: 215-745-9800
                              Fax: 215-745-7880
                              Email:  bkw@w-vlaw.com
                              <u>PA State Bar No</u>. 89677

10